UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROTEGRITY USA, INC., ET AL.**, <br> Plaintiffs, <br><br> v. <br><br> **NETSKOPE, INC.**, <br> Defendant. | Case No. 15-cv-02515-YGR <br><br> **ORDER DENYING UNOPPOSED MOTION TO VACATE OCTOBER 29, 2015 JUDGMENT INVALIDATING U.S. PATENT NO. 7,305,707** <br><br> Re: Dkt. No. 71 |

Plaintiffs filed this action against defendant, accusing defendant of infringing U.S. Patent Number 7,305,707 (the "707 Patent"). The 707 Patent is entitled "Method for Intrusion Detection in a Database System." On July 27, 2015, defendant filed a motion for judgment on the pleadings, asking the Court to dismiss the case with prejudice on the grounds that the asserted claims for the 707 Patent were invalid. (Dkt. No. 43.) On October 19, 2015, the Court granted defendant's motion, finding that the asserted claims for the 707 Patent were unpatentable abstract ideas. (Dkt. No. 60.) On October 26, 2015, the Court entered judgment in favor of defendant, invalidating the 707 Patent. (Dkt. No. 65.) Plaintiffs filed a notice of appeal to the Federal Circuit on November 27, 2015. (Dkt. No. 68.) The parties subsequently settled, and on July 28, 2016, the Federal Circuit remanded the action back to this Court. (Dkt. No. 70.)

Now before the Court is plaintiffs' unopposed Motion to Vacate the October 29, 2015 Judgment Invalidating U.S. Patent No. 7,305,707. (Dkt. No. 71.) Having carefully considered the papers submitted, the Court **DENIES** plaintiff's motion to vacate the Court's judgment.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons. In deciding

whether to vacate a judgment, district courts must consider "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995)).  The Ninth Circuit has held that, although "mootness by happenstance provides sufficient reason to vacate" because it prevents appellate review, the "equitable principles weighing in favor of vacatur . . . cut the other direction where the appellant by his own act prevents appellate review of the adverse judgment." *Dilley*, 64 F.3d at 1370 (citation omitted).  In the context of settlements, the Ninth Circuit has held that a district court is "not required to vacate a judgment when the appellant causes the dismissal of its appeal by settling." *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 650 (9th Cir. 1991).  Otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Id.* (quoting *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982)).

## II. DISCUSSION

Plaintiffs argue that vacatur would be appropriate here because, otherwise, plaintiffs would be precluded by an unreviewed invalidity judgment from enforcing the 707 Patent against others. Additionally, plaintiffs argue that the vacatur of the Court's judgment was an important factor in plaintiffs' settlement with defendant, and the beneficial effect of such settlement outweighs any public policy concerns.

Plaintiffs' arguments do not persuade.  The Court finds that here, the balance of the equities weighs against vacating its judgment invalidating the 707 Patent.  By their own admission, plaintiffs seek vacatur so that they may assert the 707 Patent again against others, which would result in unnecessary relitigation of issues already determined by this Court. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by vacatur." *U.S. Bancorp Mortg. v. Bonner Mall P'ship*, 513 U.S. 18, 26–27 (1994) (citations omitted).  That the judgment is unreviewed does not weigh in favor of vacatur here, where plaintiffs' voluntary actions caused the mootness that prevented

appellate review. *Id.* at 25, 29 (holding that mootness by reason of settlement does not justify vacatur, in part, because the "losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari"); *see also Cardpool Inc. v. Plastic Jungle, Inc.*, No. 12-CV-04182, 2014 WL 2447185, at *6 (N.D. Cal. May 30, 2014) (finding that vacatur is not appropriate where petitioner's voluntary actions caused the mootness).

Furthermore, plaintiffs' assertion that the beneficial effect of their settlement outweighs any other factors is belied by their admission that the settlement is not contingent on the Court granting its motion for vacatur. (Dkt. No. 71-2 at 3); *see Reynolds v. Allstate Ins. Co.*, No. 10-CV-4893, 2012 WL 4753499, at *2 (N.D. Cal. Oct. 4, 2012) (denying vacatur where granting of vacatur was not necessary to consummation of settlement).

Accordingly, because the equities weigh against vacating the Court's previous judgment invalidating the 707 Patent, the Court **DENIES** plaintiffs' Motion.

This Order terminates Docket Number 71.

**IT IS SO ORDERED.**

Dated: September 13, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**